UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIAKESHU TECHNOLOGY LIMITED,

                    Petitioner,

          v.

AMAZON.COM SERVICES, LLC, a Delaware
limited liability company; AMAZON.COM,
INC, a Delaware corporation,

                    Respondents.

---

No. 22-cv-10119 (RA)

<u>MEMORANDUM
OPINION & ORDER</u>

 

Petitioner Jiakeshu Technology Limited, a former retailer on the Amazon.com marketplace, commenced this action in New York state court, seeking to vacate an arbitration award ruling that it violated the terms of its sales agreement with Respondents Amazon.com Services, LLC and Amazon.com Inc (together, "Amazon"). Amazon subsequently removed the action to this Court, asserting federal jurisdiction pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203.

Pending before the Court is Jiakeshu's motion to remand to state court. For the reasons explained below, the motion is denied.

## BACKGROUND

Jiakeshu is a Hong Kong corporation with its principal place of business in China. Dkt. 1-1 ¶ 1, Petition to Vacate Arbitration Award (the "Petition"). In 2016, Jiakeshu became a third-party seller on Amazon.com, selling products on Amazon's sales platform and shipping them to the company's warehouses for distribution. *Id.* ¶¶ 12, 13. According to Jiakeshu, Amazon was its main source of sales revenue, and it sold millions of dollars in products through Amazon's marketplace in 2020 and 2021. *Id.* ¶ 14.

As a third-party seller, Jiakeshu was required to enter into a Business Solutions Agreement ("BSA") with Amazon, which obligates third-party sellers, among other things, to refrain from fraudulent activity and manipulating customer reviews. *Id.* ¶¶ 6, 8. Specifically, sellers are not permitted to pay or otherwise provide incentives to Amazon customers or third parties for submitting favorable reviews to Amazon's store. Dkt. 1-1 at 94; Pet. ¶ 10.

On April 29, 2021, Amazon deactivated Jiakeshu's account for violating that policy, asserting that Jikaeshu had "offer[ed] compensation for customer reviews via inserts, flyers, coupons, brochures, or similar materials included inside the product packaging that request a favorable review or offer incentives to post a review." Dkt. 1-1 at 104; *see* Pet. ¶ 16. Amazon also froze $50,000 of Jiakeshu's sales proceeds on its account. *Id.* ¶ 17. On June 18, 2021, Amazon notified Jiakeshu that its selling privileges would be terminated. *Id.* ¶ 21; Dkt. 1-1 at 117.

On January 14, 2022, Jiakeshu filed a Demand for Arbitration before the American Arbitration Association to recover the funds that Amazon had seized. Pet*.* ¶ 26; Dkt. 1-1 at 134–56. In its Demand, Jiakeshu claimed that Amazon had breached the BSA and the implied covenant of good faith and fair dealing, and sought a declaratory judgment that Section 2 of the BSA—which provides that Amazon may withhold payments to sellers that engage in deceptive activity or violate its policies—is unenforceable. Dkt. 1-1 at 147–56. On August 4, 2022, the Arbitrator entered an order denying Jiakeshu's claims in their entirety, finding that Amazon's suspension of Jiakeshu's account and seizure of its funds was justified because Jiakeshu had violated the BSA. Dkt 1-1 at 46–47.

Jiakeshu filed its Petition in New York State Supreme Court on October 31, 2022, arguing that Section 2 of the BSA is unenforceable and that the award was rendered in "manifest disregard

of the law." Pet. ¶ 33. On November 29, 2022, Amazon timely filed a notice of removal in this

Court, and on December 21, 2022, Jiakeshu moved to remand to state court.

## LEGAL STANDARD

"Any civil action brought in a state court of which the district courts of the United States

have original jurisdiction, may be removed by the defendant or the defendants, to the district court

of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a). A federal court has a "continuing obligation to satisfy [itself] that federal

jurisdiction over the matter before [it] is proper." *Filsaime v. Ashcroft*, 393 F.3d 315, 317 (2d Cir.

2004). "Because statutory procedures for removal are to be strictly construed, [federal courts]

resolve any doubts against removability." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir.

2021) (internal citation omitted). The party seeking removal bears the burden of establishing that

this Court has jurisdiction over its claims. *Montefiore Medical Center v. Teamsters Local 272*, 642

F.3d 321, 327 (2d Cir. 2011). A federal court is not precluded from considering a claim over which

a state court has concurrent jurisdiction. *See, e.g., Vasti v. Hartford Life Ins. Co.*, 355 F. Supp. 2d

689, 692 (S.D.N.Y. 2004).

## DISCUSSION

Amazon argues that because Jiakeshu is a Hong Kong corporation, this action falls under

the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York

Convention"), and that jurisdiction in this Court is therefore proper. Jiakeshu contends, however,

that the Court does not have jurisdiction because the award it seeks to vacate is "entirely domestic

in scope" and thus does not fall under the New York Convention. For the reasons that follow, the

Court agrees with Amazon.

The FAA does not by itself provide a basis for subject matter jurisdiction in federal courts. "There must be an independent basis of jurisdiction before a district court may entertain petitions to confirm or vacate an award under the FAA." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (citation omitted). As is relevant here, 9 U.S.C. § 203 vests federal courts with jurisdiction over actions that "fall under" the New York Convention, including actions to confirm or vacate arbitral awards. *Id.* (explaining that Section 203 "provides federal jurisdiction over actions to confirm or vacate an arbitral award that is governed by the Convention"); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 863 F. Supp. 2d 351, 356 (S.D.N.Y. 2012); *see* 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States.").[1]

Whether an award falls under the New York Convention and is therefore subject to federal jurisdiction is determined by 9 U.S.C. § 202, which turns on whether it "aris[es] out of a legal relationship, whether contractual or not, which is considered as commercial" and has a relationship with one or more foreign states. Section 202 excludes from the Convention an "agreement or award […] which is entirely between citizens of the United States […] unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." *Id*. Courts applying Section 202 have held that an award falls under the Convention if it meets four requirements:

---

[1] Some courts outside of the Second Circuit have held that actions to vacate arbitration awards do not fall under the New York Convention, citing 9 U.S.C. §§ 206–207, which provide for federal jurisdiction over actions to compel arbitration and to confirm an arbitration award. *See, e.g., Splendid Film GmbH v. WWKG, LLC*, No. 18-CV-09482 (JAK) (JPRx), 2019 WL 587915, at *3 (C.D. Cal. Feb. 12, 2019); *Virginia Sur. Co. v. Certain Underwriters at Lloyd's London*, 671 F. Supp. 2d 994, 995 (N.D. Ill. 2009) The law in this Circuit, however, clearly establishes that petitions to vacate arbitration awards do fall under the Convention. *See Scandinavian Reinsurance*, 668 F.3d at 71; *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 102–03 (2d Cir.2006) ("Solé then brought this action in the Southern District of New York to vacate the award .... The [New York Convention] governs this dispute and provides federal subject matter jurisdiction. 9 U.S.C. § 203.").

(1) there must be a written agreement; (2) it must provide for arbitration in the territory of a signatory of the convention; (3) the subject matter must be commercial; and (4) it cannot be entirely domestic in scope.

*Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 92 (2d Cir. 1999); *see Schorr v. Am. Arb. Ass'n*, 583 F. Supp. 3d 608, 615 (S.D.N.Y. 2022).

Jiakeshu argues that the New York Convention does not apply because there are no "connections to a foreign legal framework," as the arbitrator applied Washington State substantive law and American Arbitration Association procedural rules. Pet. Mem. at 17–18. As a result, Jikaeshu argues, the award is "entirely domestic in scope" and does not satisfy the fourth requirement necessary to fall under the New York Convention.

Given Jiakeshu's status as a foreign corporation, the Court disagrees. As the Second Circuit has made clear, arbitral awards fall under the New York Convention *unless* (1) "both parties are citizens of the United States" *and* (2) "the legal relationship giving rise to the arbitration involves neither property located abroad, nor envisages performance or enforcement abroad, nor has some other reasonable relation with one or more foreign states." *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 159 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 2889 (2022) (cleaned up); *see also Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997) (quoting *Jain v. de Méré*, 51 F.3d 686, 689 (7th Cir. 1995)) ("any commercial arbitral agreement, unless it is between two United States citizens, involves property located in the United States, and has no reasonable relationship with one or more foreign states, falls under the Convention."). Consistent with 9 U.S.C. § 202, the Second Circuit has held that arbitration agreements or awards fall under the New York Convention where one or more of the parties is a foreign citizen. In *Scandinavian Reinsurance*, for instance, the court concluded there was federal subject-matter jurisdiction because 9 U.S.C. § 203 "provides federal jurisdiction over actions to confirm or vacate an arbitral

award governed by the Convention," and the Convention applied "in this case because [the Petitioner] is a foreign corporation." 668 F.3d at 71. Similarly, in *Pike v. Freeman*, the Circuit held that the district court properly denied a motion to remand to state court because three of the petitioners were "Cayman Island corporations … located in Georgetown, Grand Cayman" and the court therefore had subject-matter jurisdiction under the Convention. 266 F.3d 78, 85 n.4 (2d Cir. 2001). Numerous district courts in this Circuit have followed suit, finding that the presence of a foreign party is a basis for federal jurisdiction. *See Oilmar Co., Ltd v. Energy Transp. Ltd.*, No. 3:03-CV-1121 (JCH), 2014 WL 8390659, at *2 (D. Conn. Oct. 6, 2014 ("The Convention applies here because Oilmar is a corporation based in Panama."); *Kolel Beth*, 863 F. Supp. 2d at 355 n.7 (finding that agreement was "not entirely domestic in scope" where defendants' principal places of business were outside the United States); *see also F. Hoffmann-La Roche Ltd. v. Qiagen Gaithersburg, Inc.*, 730 F. Supp. 2d 318, 325 (S.D.N.Y. 2010) (concluding that petition to confirm arbitration award fell under the Convention where one of the four parties was non-domestic and action concerned cross-border dispute).[2]

Jiakeshu is a Hong Kong corporation whose principal place of business is China. Accordingly, "federal subject matter jurisdiction exist[s] under the Convention" because the award does "not simply arise out of [a legal] relationship which is entirely between citizens of the United

---

[2] Those decisions are consistent with opinions outside this Circuit holding that the presence of a non-U.S. party is enough to qualify an arbitral award as falling under the New York Convention. *See, e.g., Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1441 (11th Cir. 1998), *overruled on other grounds by Corporacion AIC, SA v. Hidroelectrica Santa Rita S.A.*, 66 F.4th 876 (11th Cir. 2023) ("MAN GHH is a German corporation. The arbitral award granted to it by the Tampa panel is therefore non-domestic within the meaning of § 202 of the FAA and article 1 of the New York Convention. We therefore hold federal subject-matter jurisdiction over this appeal."); *Nat'l Resident Matching Program v. Alashry*, 2018 WL 4623576, at *3 (D.D.C. Sept. 26, 2018) ("The award at issue here is not 'entirely domestic' because … [Respondent] is a citizen of Egypt. As such, the plain language of the New York Convention expressly embraces the award."); *see generally* (Third) U.S. Law of Int'l Comm. Arb. § 1.4 PFD (2019) ("A fair reading of § 202 … suggests that the presence of a non-American party to the dispute alone supplies a sufficiently 'foreign' element to avoid exclusion" from the purview of the Convention).

States." *Pike*, 266 F.3d at 85 n.4 (quoting 9 U.S.C. § 202). Consistent with 9 U.S.C. § 203, no

further basis to establish federal jurisdiction is required.[3]

**CONCLUSION**

For the foregoing reasons, Jiakeshu's motion to remand is denied. No later than July 5,

2023, the parties shall propose a briefing schedule on Jiakeshu's petition to vacate and any other

next steps in this matter.

SO ORDERED.

Dated:        June 21, 2023
                   New York, New York

                                                                    _____
                                                                    Ronnie Abrams
                                                                    United States District Judge

---

[3] Because the award falls under the New York Convention, removal was proper pursuant to 9 U.S.C. § 205, as it constitutes an "action or proceeding pending in a State court [that] relates to an arbitration agreement or award falling under the Convention."