UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIAKESHU TECHNOLOGY LIMITED,

                        Petitioner,

-against-

AMAZON.COM SERVICES, LLC, et al.,

                        Respondents.

22-CV-10119 (JGLC)

**MEMORANDUM OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is Petitioner's motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b). For the reasons stated herein, Petitioner's motion is DENIED.

## BACKGROUND

Jiakeshu Technology Limited ("Jiakeshu" or "Petitioner") brought this action seeking to vacate an arbitral award entered in favor of Amazon.com Services, LLC and Amazon.com, Inc. (together, "Amazon" or "Respondents"). ECF No. 1. Respondents cross-petitioned the Court to confirm the arbitral award. ECF No. 21. On January 3, 2024, the Court issued an Opinion and Order denying Petitioner's petition to vacate the arbitral award and granting Respondent's cross-motion to confirm the award. ECF No. 34. On January 17, 2024, Petitioner submitted a motion for relief from the judgment pursuant to Rule 60(b). ECF No. 36.

Petitioner contends that "[n]ew evidence came to [its] attention around the first week of January 2024" that "warrants vacatur of the Arbitration Award and remand of this case to the [American Arbitration Association ("AAA")] for arbitration proceedings before an impartial decision maker." ECF No. 37 ("Mot.") at 5. Specifically, Petitioner claims that the arbitrator who issued the award (the "Arbitrator") failed to disclose that she had previously ruled in favor of

Amazon in a 2017 case (the "2017 Ruling"). Mot. at 8. Lacking information about the 2017 Ruling, Petitioner did not object to the Arbitrator's appointment. *Id*. at 9.

Around November 2023, "Petitioner's counsel accidentally discovered another arbitrator's non-disclosure of a prior 2020 ruling" in a different case brought by a third-party seller on Amazon. *Id*. at 10. Because of that discovery, Petitioner's counsel thought that other arbitrators might have failed to disclose other prior rulings. *Id*. She started researching such in January 2024, which was when she learned about the 2017 Ruling. *Id*.

## LEGAL STANDARD

Rule 60(b) allows relief from a judgment or order when evidence has been newly discovered. *Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020); *see also* Fed. R. Civ. P. 60(b). In order to prevail on such a motion:

> The movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Id*. (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001)). "Because a motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances, a party moving under Rule 60(b)(2) must meet an onerous standard." *Vector Cap. Corp. v. Ness Techs., Inc.*, No. 11-CV-6259 (PKC), 2012 WL 1948822, at *10 (S.D.N.Y. May 24, 2012) (quoting *Teamsters*, 247 F.3d at 391–92) (internal quotation marks omitted).

## DISCUSSION

Petitioner's argument, generally, is that the Arbitrator's "failure" to disclose her 2017 ruling demonstrates the Arbitrator's partiality. Mot. at 15–19. Without support, Petitioner then

contends that the incomplete disclosure "[r]esulted in a Final Award with [e]vident [p]artiality, impaired seller Jiakeshu's rights to a fair hearing and due process, and foreclosed its statutory rights under Washington's Customer Protection Act." *Id*. at 19.

The Court declines to determine whether Petitioner was justifiably ignorant of the "newly discovered evidence," because even if Petitioner were, the evidence would not have changed the outcome. As Petitioner's counsel knows, based on a December 2023 ruling from this Court for a matter in which Petitioner's counsel was counsel for the plaintiff, the Arbitrator was prohibited from disclosing her 2017 Ruling. *See Jiangxi Zhengao Recycled Textile Indus. Co. v. Amazon.com Servs., LLC*, No. 23-CV-9692 (JGLC), 2023 WL 8700956, at *3 (S.D.N.Y. Dec. 15, 2023). As noted in *Jiangxi Zhengao*, the AAA Rules provide that "[u]nless otherwise required by applicable law, court order, or the parties' agreement, the AAA and the arbitrator shall keep confidential all matters relating to the arbitration or the award." Am. Arb. Ass'n, *Commercial Arbitration Rules and Mediation Procedures*, R-45(a) (Sept. 1, 2022), https://www.adr.org/sites/ default/files/Commercial-Rules_Web.pdf; *see also* Am. Arb. Ass'n, *The Code of Ethics for Arbitrators in Commercial Disputes*, Cannon VI.B (Mar. 1, 2004), https://www.adr.org/sites/ default/files/document_repository/Commercial_Code_of_Ethics_for_Arbitrators_2010_10_14. pdf ("The arbitrator should keep confidential all matters relating to the arbitration proceedings and decision."). Petitioner's argument that the arbitrator improperly failed to disclose her earlier ruling thus fails as a matter of law.

Also discussed in *Jiangxi Zhengao*, the Arbitrator's decision in another arbitration is insufficient to establish arbitrator partiality as a matter of law. *Jiangxi Zhengao*, 2023 WL 8700956, at *3. To demonstrate arbitrator partiality based on nondisclosure of a material relationship or interest, "a reasonable person would *have* to conclude that the arbitrator who

failed to disclose under such circumstances was partial to one side." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 73 (2d Cir. 2012) (emphasis added) (internal quotation marks and citation omitted). "It is the materiality of the undisclosed conflict that drives a finding of evident partiality, not the failure to disclose or investigate *per se*." *Certain Underwriting Members of Lloyds of London v. Fla. Dep't of Fin. Servs.*, 892 F.3d 501, 506 (2d. Cir. 2018) (cleaned up). Petitioner cites no evidence of any undisclosed conflict, relationship or interest in the outcome of the arbitration by the Arbitrator, only arguing that the Arbitrator's 2017 Ruling found for Amazon. But this ruling, on its own, does not demonstrate partiality. *See Scandinavian Reinsurance Co.*, 668 F.3d at 73, 75 (noting that the "evident-partiality standard is, at its core, directed to the question of bias" and that "adverse rulings alone rarely evidence partiality"). And Petitioner acknowledges as much. Mot. at 17 (noting that "adverse rulings alone rarely evidence partiality"). Accordingly, Petitioner's argument has no merit.

## CONCLUSION

For the foregoing reasons, Petitioner's motion is DENIED. The Clerk of Court is directed to terminate ECF No. 36.

Dated: April 16, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

4